# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 2:18-CR-73** |
| v. : | (Chief Judge Conner) |
| **CLARENCE HOFFERT,** : | |
| **Defendant** : | |

## ORDER

AND NOW, this 4th day of October, 2018, upon consideration of the motion (Doc. 43) *in limine* by the government seeking: *first*, to preclude defendant Clarence Hoffert ("Hoffert") from calling to testify the two Deputy United States Marshals who conducted a videotaped interview of Hoffert regarding his alleged lien, on the ground that Hoffert is seeking to introduce his out-of-court statements made during the interview through the testimony of the deputy marshals; and *second*, to preclude Hoffert from mentioning the videotaped interview in his opening statement or cross-examining witnesses about said interview, and the motion having been fully briefed, (Docs. 44, 49), and taking the government's arguments in turn: *first*, the court noting that a statement made by an out-of-court declarant, offered to prove the truth of the matter asserted, is inadmissible hearsay, FED. R. EVID. 801, 802, and the court finding that Hoffert has identified possible non-hearsay purposes for calling the deputy marshals to testify, for example: testimony regarding the reasons the deputy marshals interviewed Hoffert, (Doc. 49 at 4), and the court concluding that the best and most appropriate course is to deny the government's motion to preclude testimony from the deputy marshals regarding Hoffert's interview at SCI

Albion without prejudice to the government's right to reassert its objections to specific testimony at trial; and *second*, as to the government's motion to preclude Hoffert from mentioning the videotaped interview absent a decision by the government to introduce it, the court finding that Hoffert has proffered potential non-hearsay uses for calling the deputy marshals to testify about the interview as noted *supra*, and the court therefore concluding that precluding Hoffert from mentioning that the deputy marshals interviewed him about the alleged lien would unduly prejudice his ability to present a defense, but the court also concluding that any mention that the interview was *videotaped*, absent proper introduction of that recording under the Federal Rules of Evidence, may confuse the jury or prejudice either party, it is hereby ORDERED that:

1. The government's motion (Doc. 43) *in limine* is GRANTED in part as follows: Hoffert may not mention that the interview by the deputy marshals was videotaped in either his opening statement or any testimony he provides, nor may he elicit testimony from the deputy marshals or other witnesses that the interview was recorded, unless either party properly admits the videotaped recording under the Federal Rules of Evidence.

2. The government's motion (Doc. 43) *in limine* is otherwise DENIED without prejudice to the government's right to raise objections at an appropriate time during trial to any evidence or testimony proffered by Hoffert regarding the videotaped interview.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania