# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 2:18-CR-73 |
| v. | : (Chief Judge Conner) |
| **CLARENCE HOFFERT**, | : |
| **Defendant** | : |

## ORDER

AND NOW, this 4th day of October, 2018, upon consideration of the motion (Doc. 28) *in limine* by the government for judicial notice of public documents and admission of self-authenticating public records, wherein the government requests: *first*, that the court take judicial notice of the entire docket generally in Hoffert v. Pennsylvania, No. 1:13-CV-162 (M.D. Pa.), and specifically four documents,[1] (Doc. 28 ¶ 1); *second*, that the court take judicial notice of all authorities cited in the "Claim of Commercial Lien Affidavit" of defendant Clarence Hoffert ("Hoffert"), (id. ¶ 3); and *third*, that the court admit as a self-authenticating public record a certified copy of the correspondence between Hoffert and the Lebanon County Clerk of Courts, (id. ¶ 4), and the motion having been fully briefed,[2] (Docs. 29, 37, 38), and taking the government's requests in turn: *first*, the court observing that, pursuant to Federal

---

[1] The government seeks judicial notice of Hoffert's complaint, the magistrate judge's report and recommendation on Hoffert's motion to dismiss, the court's memorandum order adopting the report and recommendation, and the Third Circuit's judgment and opinion on Hoffert's appeal. Hoffert v. Pennsylvania, No. 1:13-CV-162, Docs. 9, 33, 36, 48 (M.D. Pa.).

[2] The government initially requested that the court also take judicial notice of "the absence of any other civil action with Hoffert as a party in the . . . Western District of Pennsylvania." (Doc. 28 ¶ 2). The parties agreed to defer resolution of this request until the issue arises at trial. (See Doc. 37 at 7; Doc. 38 at 2).

Rule of Evidence 201, a court may "judicially notice a fact that is not subject to reasonable dispute" because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," FED. R. EVID. 201(b)(2), and that a court may take judicial notice of relevant prior court orders including orders in other cases, Mina v. United States Dist. Court for E. Dist. of Pennsylvania, 710 F. App'x 515, 517 n.3 (3d Cir. 2017) (nonprecedential) (quoting United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)), and the court noting that Hoffert objects to this request, claiming that the government is asking the court to take judicial notice of "the very documents the Government is alleging are false," (Doc. 37 at 4), and the court finding that the four documents identified *supra* are public filings and court orders, the authenticity and accuracy of which cannot be reasonably disputed, and that none of these documents is the allegedly false lien filed by Hoffert, and the court concluding that judicial notice of these four identified documents is appropriate under Rule 201(b)(2),³ but the court declining, at this time, to judicially notice the entire docket in Hoffert v. Pennsylvania, No. 1:13-CV-162 (M.D. Pa.); *second*, as to the government's request that the court take judicial notice of all authorities cited in Hoffert's "Claim of Commercial Lien Affidavit," and it appearing that it is the court's duty to explain the law to the jury, United States v. Leo, 941

---

³ Hoffert suggests that by taking judicial notice of the four identified documents, the court will place "special emphasis" on these documents which refer to, or were signed by, the three federal judges named as victims in the indictment. (Doc. 37 at 4). We find these court filings are not unfairly prejudicial and that the probative value of these court filings outweighs any prejudicial effect to Hoffert. See FED. R. EVID. 403. The existence and authenticity of these court filings cannot reasonably be disputed and the jury will be instructed that they may or may not accept these judicially noticed facts as proven. See FED. R. EVID. 201(f).

2

F.2d 181, 196 (3d Cir. 1991), the court finding that the government's request to judicially notice all authorities cited in Hoffert's allegedly false lien is premature, but the court concluding that the government shall be permitted to submit proposed points for charge on said authorities cited by Hoffert for the court's consideration; and *third*, as to the government's request that the court admit a certified copy of the correspondence between Hoffert and the Lebanon County Clerk of Courts as a self-authenticating public record,[4] and it appearing that Hoffert objects to admission of this public record on the grounds that it is inadmissible under Federal Rule of Evidence 404(b) as evidence of uncharged crimes and that the public record is more prejudicial than probative because it references the length of the state sentence he is serving, (Doc. 37 at 6-7), and it further appearing that Hoffert does not challenge the authenticity or reliability of this self-authenticating public record under Federal Rule of Evidence 803(8), (see id.), the court observing that "evidence of a crime, wrong, or other act" is generally inadmissible to prove a person's character and that the person acted in conformity with that character on a particular occasion, FED. R. EVID. 404(b)(1), but further observing that evidence of an uncharged or past crime, wrong, or other act is intrinsic evidence of the charged offense and not subject to the prohibition of Rule 404(b) when it either (1) "directly proves the charged offense," or (2) was performed contemporaneously with the charged crime and "facilitate[d] the commission of the charged crime," United States v. Green, 617 F.3d 233, 248-49 (3d Cir. 2010), and the court finding that

---

[4] The government proffers a copy of this correspondence with all information about the nature of the state offenses of conviction and references to Megan's Law redacted. (See Govt. Ex. 1R; Doc. 29 at 7).

3

Hoffert's correspondence with the Lebanon County Clerk of Courts, which includes evidence of Hoffert's knowledge of his state sentence and the nature of its imposition, may directly prove elements of a Section 1521 offense, to wit: whether Hoffert knew or should have known that the foundation for his "Claim of Commercial Lien Affidavit" contained materially false or fraudulent information regarding his incarceration, and whether Hoffert filed the alleged lien to retaliate against a federal official or employee for performing their official duties, see 18 U.S.C. § 1521, and the court concluding that a certified, redacted copy of the correspondence between Hoffert and the Lebanon County Clerk of Courts is admissible as intrinsic evidence of the charged offense,[5] and the court thus concluding that the government may introduce a certified, redacted copy of the correspondence between Hoffert and the Lebanon County Clerk of Courts under Federal Rule of Evidence 404(b)(2), it is hereby ORDERED that:

---

[5] Assuming *arguendo* that this correspondence is subject to Federal Rule of Evidence 404(b), the court observes that evidence of uncharged or past crimes is admissible when (1) it has a proper evidentiary purpose including, *inter alia*, proving motive, intent, preparation, knowledge, or absence of mistake, (2) is relevant, (3) satisfies Federal Rule of Evidence 403, and (4) is accompanied by a limiting instruction. Green, 617 F.3d at 249; FED. R. EVID. 404(b)(2). The court finds that the correspondence may be offered to prove Hoffert's knowledge of the alleged falsity of the lien and its contents, to prove his motive for filing the lien, and to provide "helpful background information to the finder of fact." See Green, 617 F.3d at 250. As for the second and third elements, evidence is relevant if it renders a material fact either more or less probable than it would be absent the evidence, FED. R. EVID. 401, 402, but evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, FED. R. EVID. 403. The court finds that Hoffert's knowledge of the nature and circumstances of his state-imposed sentence would make a material fact to the instant action more likely, and that evidence of Hoffert's length of sentence and his knowledge thereof are not unduly prejudicial to Hoffert and are not offered for an impermissible purpose. Any prejudice will be minimized by the limiting instruction.

1. The government's motion (Doc. 28) *in limine* is GRANTED in part and DENIED in part as follows:

    a. The court takes judicial notice, pursuant to Federal Rule of Evidence 201(b)(2), of docket entries 9, 33, 36, and 48 in <u>Hoffert v. Pennsylvania</u>, No. 1:13-CV-162, Docs. 9, 33, 36, 48 (M.D. Pa.). The request for judicial notice of the remainder of the docket is DENIED without prejudice to the government's right to seek judicial notice of additional docket entries during trial.

    b. The request for judicial notice of all authorities cited in Hoffert's "Claim of Commercial Lien Affidavit" is DENIED without prejudice to the government's right to raise the issue at an appropriate time during trial. The government may submit supplemental points for charge regarding the authorities cited in Hoffert's "Claim of Commercial Lien Affidavit."

    c. The government may introduce as evidence at trial a certified, redacted copy of the correspondence between Hoffert and the Lebanon County Clerk of Courts as (1) a self-authenticating public record pursuant to Federal Rule of Evidence 803(8); (2) as intrinsic evidence of the charged offense; and (3) as evidence of uncharged crimes pursuant to Federal Rule of Evidence 404(b)(2). The court will issue an appropriate limiting instruction to the jury.

2. The government's request for judicial notice of the absence of any other civil action with Hoffert as a party in the Western District of Pennsylvania is DEEMED withdrawn without prejudice to its right to raise the issue at an appropriate time during trial.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania